IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

MECO CONSTRUCTORS, INC.,  :
    Plaintiff,  :
                                    :         CIVIL ACTION
v.  :         NO. 18-3180
                                    :
TRAVELERS CASUALTY AND  :
SURETY COMPANY,  :
    Defendant.  :

**April 10, 2019**                                                                                         **Anita B. Brody, J.**

## MEMORANDUM

This case stems from a public highway construction project to connect I-95 to the Pennsylvania Turnpike ("Project"). The Pennsylvania Turnpike Commission ("Commission") entered into a contract with PKF Mark III, Inc. ("PKF") to complete the Project (the "Prime Contract"). In order to secure the contract, PKF obtained a payment bond from Defendant Travelers Casualty and Surety Company ("Travelers"), which guaranteed to the Commission that Travelers would fulfill PKF's obligations, including its obligations to subcontractors (the "Payment Bond"). After securing the Prime Contract, PKF subcontracted with Plaintiff Meco Constructors, Inc. ("Meco") to perform certain earth-moving, excavation, and related sitework (the "Subcontract"). Meco contends that PKF failed to pay it in full for the work it performed under the Subcontract. Accordingly, Meco brings suit against Travelers, as the Payment Bond surety, to recover the amount Meco alleges PKF improperly withheld from it for work performed under the Subcontract.[1]

Travelers moves to dismiss Meco's complaint or, in the alternative, for a stay of proceedings. For the reasons set forth below, I deny Travelers' motion.

---

[1] I exercise diversity jurisdiction over Meco's payment bond claim pursuant to 28 U.S.C. § 1332.

# I. BACKGROUND[2]

After Meco and PKF entered into the Subcontract and agreed upon the amounts PKF would pay Meco based on the quantity and type of excavation to be performed, PKF made multiple changes to Meco's scope of work. These changes increased the quantity of the excavation that Meco was required to perform. "Neither PKF, nor the Commission nor its agents, have fully and accurately field measured and determined the accurate quantities of work performed by Meco . . . ." Compl. ¶ 73.

In addition to the quantity of excavation, the quality of the fill to be removed also changed. Whereas Meco based its bid prices on the existence of clean fill that it planned to remove and profitably dispose of, PKF later revealed to Meco that it would have to remove regulated fill—a much costlier endeavor. "PKF[] and the Commission[] [had] knowledge that Meco would be excavating and handling 'Regulated Fill,' but this condition was not disclosed to Meco before the bid or for months thereafter." Compl. ¶ 155.

PKF refused to compensate Meco for these changes to the Subcontract that increased the amount and cost of Meco's work. Instead, PKF began withholding payments from Meco based on "belated and specious 'backcharges.'" Compl. ¶ 173.

Consequently, PKF failed to pay Meco in accordance with the Subcontract, which includes the following "Changes" provision:

> The Contractor may at any time by written order of the Contractor's authorized representative, make changes in, additions to and omissions from the Work to be performed under this Subcontract, and the Subcontractor shall promptly proceed with the performance of this Subcontract as so changed. Any increase or decrease in the Subcontract price resulting from such changes shall be agreed upon in writing by the parties hereto. . . . The Subcontract price shall be equitably adjusted (no loss

---

[2] All facts are taken from the Complaint unless otherwise noted. Because this explanation is written solely for the parties, only the essential facts are included.

of profits claims will be allowed) on account of any such changes, subject to any applicable provisions of the Prime Contract.

Compl. Ex. B ¶ 5(a). Meco "repeatedly attempted to resolve underpayment issues because of quantity deficiencies, but PKF refused to address the issues." Compl. ¶ 183. "As the project progressed, Meco continued to document other errors discovered in the quantification of the . . . as-bid and revised plans." Compl. ¶ 187. "Despite PKF having been paid by the Commission for all excavations . . . and the acceptance of Meco's work by the Commission and PKF as having met the requirements of the Specifications and the satisfaction of all other 'conditions precedent' in the Subcontract, PKF has failed and refused to pay Meco for its work based on actual quantities and at the prices to be paid for the changes work." Compl. ¶¶ 79, 167, 197. "In accordance with the terms of the subcontract, Meco has incurred costs and damages for which the Subcontract provides that PKF is obligated to pay Meco." Compl. ¶ 204. Meco alleges that "[a]ll conditions precedent to the right of Meco to pursue the Surety have been satisfied . . . Meco's claim is asserted after 90 days of the last date on which it provided labor or material to the Project." Compl. ¶ 9.

## II. STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

To survive dismissal, a complaint must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In order to determine the sufficiency of a complaint under *Twombly* and *Iqbal*, a court must engage in the following analysis:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (quoting *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011)).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a 'document *integral to or explicitly relied* upon in the complaint' may be considered . . . ." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citation omitted) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)). Thus, a court may consider "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

**III. DISCUSSION**

Travelers moves to dismiss or stay Meco's action because it is premature. Alternatively, Travelers moves to dismiss Meco's action pursuant to Federal Rule of Civil Procedure 19 because Meco failed to join an indispensable party—the Commission.

**A. Whether Meco's Claim is Premature**

Travelers contends that Meco's claim is premature because Meco has not followed the dispute resolution procedure in the Subcontract, which Travelers contends requires Meco to

follow the administrative procedure in the Prime Contract before it may bring its payment bond claim. The Subcontract provides:

> In case of any dispute between the Subcontractor and the Contractor and/or the Owner, the Subcontractor agrees to be bound to the Contractor to the same extent that the Contractor is bound to the Owner by the terms of the Prime Contract and/or applicable law and by all any and all decisions or determinations made thereunder. *It is agreed in the event the Prime Contract contains a provision, hereinafter, whereby claims may be resolved under an administrative procedure or by arbitration, then as to any claims involving the Subcontractor which are not disposed of by this Subcontract, the Contractor agrees to present to the Owner, in the Contractor's name, all of the Subcontractor's claims and defenses* including for additional monetary compensation or time extension; and to further invoke on behalf of the Subcontractor, those provisions in the Prime Contract and/or applicable law for determining such Disputes.

Compl. Ex. B ¶ 23(a) (emphasis added). The Prime Contract requires claims against the Commission to be resolved by administrative procedure:

> *As a condition precedent to filing a claim directly against PENNDOT* submit notice of intent to claim to the Contracting Officer . . . The Contracting Officer will attempt to settle and resolve the claim with the Contractor. . . . If the claim is not resolved by agreement between the Contracting Officer and the Contractor, the Contracting Officer will issue a determination in writing regarding the claim . . . . The determination of the Contracting Officer will be conclusive and binding upon the Contractor unless the Contractor appeals the determination by filing a statement of claim with the Board of Claims . . . .

Def.'s Mot. Dismiss Ex. 1. ¶ 105.01(a) (emphasis added). Travelers contends that the majority of Meco's payment bond claim derives from acts and omissions of the Commission. Travelers thus reasons that the Subcontract, in conjunction with the Prime Contract, requires Meco to first submit a "pass-through" claim to PKF for PKF to submit on Meco's behalf to the Commission before it may bring its payment bond claim.

Although Travelers argues that this claim is premature because Meco has not followed the dispute procedure contained in the Subcontract, Meco does not bring a claim for breach of contract against PKF. Rather, Meco brings a payment bond claim against Travelers, as the

5

surety for PKF. "Pennsylvania law . . . limits a surety's obligations to those detailed in the bond itself, and not those contained in the agreement between the contractor and the claimant."[3] *Ragan v. Tri-Cty. Excavating, Inc.*, 62 F.3d 501, 513 (3d Cir. 1995) (citation omitted). "Under Pennsylvania law, a surety agreement is a contract, the language of which determines the surety's rights and liabilities." *Sippel Dev. Co. v. W. Sur. Co.*, No. 05-46, 2008 WL 728649, at *3 (W.D. Pa. Mar. 17, 2008) (citing *Beckwith Mach. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 890 A.2d 403, 406 (Pa. Super. Ct. 2005)). "Obligations not imposed by the terms of the bond cannot be created by judicial construction or interpretation which extends the terms beyond their normal meaning." *Id.* (quoting *Miller v. Commercial Elec. Const., Inc.*, 297 A.2d 487, 488 (Pa. Super. Ct. 1972)).

The Payment Bond provides:

> The PRINCIPAL and SURETY hereby, jointly and severally, agree with the obligee herein that any individual, firm, partnership, association, or corporation, which has performed labor or furnished material in the prosecution of the work as provided, and any public utility which has rendered services in, or in connection with, the prosecution of such work, and *which has not been paid in full* therefor, may sue assumpsit on this Payment Bond in his, their, or its own name and may prosecute the same to final judgment *for such sum or sums as may be justly due* to him, them, or it, and have execution thereon. Provided, however, that the Municipality shall not be liable for the payment of any costs or expenses of such suit.

Compl. Ex. A (emphasis added). Under the Payment Bond, a subcontractor "which has not been paid in full" may sue the surety "for such sum or sums as may be justly due." *Id.* Travelers does not point to any provision of the Payment Bond that requires Meco to first submit a pass-through claim through PKF to the Commission. Instead, Travelers argues that the amount "justly due" to Meco cannot be determined without Meco filing a pass-through claim; therefore, Meco must be

---

[3] Both parties agree that Pennsylvania law applies to this action. Moreover, the Payment Bond provides that recovery is subject to the provisions of the Pennsylvania Public Works Contractors' Bond Law of 1967, 8 Pa. Stat. Ann. § 191, *et seq.*

obligated to follow the dispute procedure outlined in the Subcontract. Travelers makes no attempt, however, to define the term "justly due" and fails to cite to any legal authority for its proposition that what is "justly due" to Meco cannot be determined without Meco first pursuing a pass-through claim to the Commission.[4] Travelers has not established that the Payment Bond mandates that Meco must first pursue a pass-through claim to the Commission before pursuing a claim against Travelers in this Court. Therefore, I deny Traveler's motion to dismiss or stay Meco's action because it is premature.[5]

**B. Whether the Commission is an Indispensable Party**

Travelers contends that Meco's action should be dismissed pursuant to Federal Rule of Civil Procedure 19 because Meco failed to join an indispensable party—the Commission. Rule 19(a) defines parties who must be joined if feasible. Fed. R. Civ. P. 19(a). "If a court decides that a party should be joined under Rule 19(a) but joinder is not feasible because it would destroy the court's diversity jurisdiction, then the court must determine whether the absent party is 'indispensable' under Rule 19(b). If the party is indispensable, the action must be dismissed." *Huber v. Taylor*, 532 F.3d 237, 247 (3d Cir. 2008). Travelers contends that the Commission

---

[4] Although Travelers argues that a pass-through claim is a condition precedent to determining what is "justly due" under the Payment Bond, the only condition precedent in the Payment Bond requires that Meco "has not been paid in full" by PKF. Compl. Ex. A. "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c). Meco sufficiently alleges that it has not been paid in full by PKF and all conditions precedent have occurred.

[5] Even if the Payment Bond could be construed to require Meco to follow the terms of the Subcontract, it is not clear from the terms of the Subcontract and the allegations in the Complaint, whether Meco would be required to first pursue a pass-through claim to the Commission. Meco is not suing the Commission. The allegations in the Complaint focus primarily on the acts and omissions of PKF because Meco contends that it has not been paid in full for the work it performed for PKF under the Subcontract. The Subcontract provides that PKF must pursue Meco's pass-through claim to the Commission "as to any claims involving the Subcontractor which are not disposed of by this Subcontract." Compl. Ex, B ¶ 23(a). Travelers never addresses whether Meco's claim that it has not been paid in full by PKF can be "disposed of" by the Subcontract.

7

should be joined under Rule 19(a), but that joinder is not feasible because it would destroy the Court's diversity jurisdiction. Travelers further contends that the action must be dismissed because the Commission is an indispensable party under Rule 19(b).

In determining whether to dismiss an action under Rule 19, a court must first determine whether a party had to be joined if its joinder was feasible under Rule 19(a). If a court determines that the party did not have to be joined under Rule 19(a), then Rule 19(b) is inapplicable and no basis for dismissal of the action exists. *See Temple v. Synthes Corp.*, 498 U.S. 5, 8 (1990) ("[N]o inquiry under Rule 19(b) is necessary, because the threshold requirements of Rule 19(a) have not been satisfied.").

Rule 19(a) provides:

> **(1) Required Party**. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> >
> > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> >
> > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > >
> > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). Travelers contends that the Commission meets the definition of a required party under both subparts of Rule 19(a)(1).

The entirety of Traveler's argument under Rule 19(a)(1)(A) is that the Court cannot accord complete relief to Meco and Travelers for the following reason: "Meco has a contractual obligation to submit its grievance as a pass-through claim via the general contractor. . . . Only after that process has been completed can any amounts be "justly due" to Meco under the

payment bond." Def.'s Mot. Dismiss 14. In essences, Travelers' argument is that without Meco first submitting a pass-through claim through PKF to the Commission, the Court cannot determine the amount "justly due" to Meco. As previously discussed, however, Travelers does not point to any provision of the Payment Bond that requires Meco to first submit a pass-through claim through PKF to the Commission. Moreover, Travelers makes no attempt to define the term "justly due" and provides no authority for why the amount "justly due" to Meco cannot be determined without Meco filing a pass-through claim. Meco seeks relief from Travelers under the Payment Bond based on its contention that it has not been paid in full by PKF. There is no evidence that the Court cannot accord complete relief to Meco and Travelers in the Commission's absence.

To be deemed a required party under either subsection of Rule 19(a)(1)(B), the absent party must "claim[] an interest relating to the subject of the action." Fed. R. Civ. P. 19(a)(1)(B). The only interest that Travelers claims the Commission has related to this action is "the contractual right to have the rights of Meco, Travelers, and PKF determined by the PKF-Commission dispute resolution process." Def.'s Mot. Dismiss 15. The portion of the Prime Contract provided by Travelers to the Court, however, only makes the PKF-Commission dispute resolution process "a condition precedent to filing a claim directly against PENNDOT." Def.'s Mot. Dismiss Ex. 1. ¶ 105.01(a) (emphasis added). There is no suit pending against the Commission. In this action, Meco only seeks relief from Travelers under the Payment Bond based on its contention that it has not been paid in full by PKF. Accordingly, Travelers has not demonstrated that the Commission has any contractual interest in this action.

Travelers is not a required party under Rule 19(a). Therefore, Rule 19(b) is inapplicable and no basis for dismissal of the action exists. I deny Traveler's motion to dismiss Meco because the Commission is an indispensable party.

## IV. CONCLUSION

For the reasons set forth above, I deny Traveler's motion.

                                        s/Anita B. Brody

                                        _____
                                        ANITA B. BRODY, J.

Copies **VIA ECF** on 4/10/2019